*Per Curiam.* These are consolidated appeals by five defendants in one action and four in the other action from three separate orders. The first order, dated December 24, 1956, declared these appellants be in default in appearing and/or answering. The second order, dated April 4, 1957, referred the matter to an Official Referee to determine an assessment of damages. The third order, dated December 1, 1958, denied the motion of defendants to vacate or modify the first and second orders referred to above.

The notices of appeal in each of the two actions are dated January 23, 1959.

As to the order of December 24, 1956, it appears that on or about October 3, 1956, Special Term denied a cross motion of appellants to dismiss the complaint, and granted in part a motion of the respondent to disaffirm the report of the Official Referee.

Thereafter respondent served and submitted a proposed order and appellants served and submitted proposed counterorders. Subsequently the order of December 24, 1956, a corrected order of the respondent, was signed.

While under the authority of *Matar* v. *Morton* (3 A D 2d 407) the appeal from the order of December 24, 1956, is untimely, that order in substance declares the appellants in default in appearing and/or answering.

Thereafter it was proper for the appellants to move to open their default. They did not so move. They did, however, move to vacate that order and the one of April 4, 1957, on various grounds based upon alleged inconsistencies between the determinations made by said orders and the prior determinations which denied respondent's application to declare appellants in default. On this record we affirm the holdings below, without costs. By reason of the circumstances peculiar to this case in the exercise of discretion we grant leave to the appellants to move to open their default.

Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ., concur.

Orders unanimously affirmed, without costs, with leave, however, to the appellants to move at Special Term, Bronx County, to open their defaults in appearing and/or answering the complaint.

■ CORINNE C. WATERMAN v. HENRY KAUFMAN et al. CORINNE C. WATERMAN v. HENRY KAUFMAN et al.— Motion to dismiss appeal from three orders unanimously denied, with $10 costs. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

4 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY GREEN, Appellant.— Judgment of conviction in Magistrate's Court sitting as a Court of Special Sessions of the City of New York for violation of subdivision 2 of section 196 of the Labor Law and sentence imposed thereon reversed, on the law and in the exercise of discretion, the fine remitted, and the proceedings remanded for a new trial. In view of the informal proceedings defendant was entitled to believe that he would not be forced to go to trial without counsel on the day when he appeared to pay the wages on one of several complaints filed against him and his corporation. In consequence, a reasonable adjournment should have been granted. Concur — Breitel, J. P., Stevens and Bastow, JJ.; Valente and McNally, JJ., dissent and vote to affirm on the ground that the Magistrate properly exercised his discretion in refusing any further adjournment. It was evident that defendant was utilizing the procedures in court solely to obtain further delay.

■ In the Matter of THOMAS HENRY, on Behalf of Himself and All Other Tenants Similarly Situated in 240 East 82nd Street, Borough of Manhattan, City of New York, Appellants, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent, and MARX J. CARSEN, Intervenor-Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respond-

ents. No opinion. Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ In the Matter of THOMAS HENRY, on Behalf of Himself and All Other Tenants Similarly Situated in 240 East 82nd Street, Borough of Manhattan, City of New York, Appellants, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent, and MARX J. CARSEN, Intervenor-Respondent.— The intervenor-respondent has obtained final orders in the Municipal Court and the execution of the warrants under said final orders with respect to the tenants herein has been stayed by stipulation of the parties until November 1, 1959. The application for a stay pending appeal from the order of the New York County Supreme Court, entered August 27, 1959, dismissing the petition is denied, without prejudice, however, to a further application by the tenants to the Municipal Court for a stay of the warrants. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

7 JOSEPH CURRAN, as President of National Maritime Union of America, AFL–CIO, et al., Appellants, v. CURTIS PUBLISHING COMPANY, Respondent, et al., Defendant.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ I. FEIGENBAUM, INC., Appellant, v. PAN AMERICAN WORLD AIRWAYS, INC., Respondent.— Judgment appealed from unanimously modified on the law and on the facts, without costs, to the extent of including therein a recital that the dismissal of the complaint at the close of plaintiff's case was without prejudice, so as to conform to the extract of the clerk's minutes. The dismissal was without prejudice to the institution of a new action to the extent permitted pursuant to the provisions of section 482 of the Civil Practice Act. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. DAVID BELL.— Motion granted insofar as to permit the appeal to be heard on the original record, without printing the same, except that a certified copy of the information shall be substituted in place of the original information, and upon typewritten or mimeographed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points upon the District Attorney of New York County and files 6 typewritten or 19 mimeographed copies of appellant's points, together with the original record, with this court on or before December 8, 1959, with notice of argument for the January 1960 Term of this court, said appeal to be argued or submitted when reached. Miss Florence M. Kelley of 100 Centre Street, New York, N. Y., is assigned as counsel for the appellant for the purposes of the appeal. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. ALFONSE INDELICATO, Alias SONNY RED.— Motion to dismiss appeal granted unless the appellant procures the appellant's points to be served and filed on or before December 8, 1959, with notice of argument for the January 1960 Term of this court, said appeal to be argued or submitted when reached. If the appellant fails to comply with the condition imposed, the District Attorney may enter an order dismissing the appeal without notice to the appellant. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. SALVATORE WATERS.— Motion denied without prejudice, however, to a renewal thereof upon proper papers. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ In the Matter of ALEXANDER HIRSCH against TEMPORARY STATE HOUSING RENT COMMISSION.— Motion to dismiss appeal granted, with $10